JS-6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No. 8:25-cv-02823-DOC-ADS                         Date: January 26, 2026

Title: Andres Saldaña-Gonzalez et al v. Kia America, Inc. et al .

PRESENT:              THE HONORABLE DAVID O. CARTER, JUDGE

| Karlen Dubon | Not Present |
|---|---|
| Courtroom Clerk | Court Reporter |

| ATTORNEYS PRESENT FOR PLAINTIFF: | ATTORNEYS PRESENT FOR DEFENDANT: |
|---|---|
| None Present | None Present |

**PROCEEDINGS (IN CHAMBERS):    ORDER REMANDING CASE TO STATE COURT SUA SPONTE**

On the Court's own motion, the Court hereby **REMANDS** this case to the Superior Court of California, County of Orange.

**I.      Background**

This is a wrongful death action. Plaintiffs Andrew Saldaña-Gonzalez and Maria Olimpia Saldaña ("Plaintiffs") are the surviving parents of Andres Saldaña-Sorto, now deceased ("Deceased"). The Deceased was operating his motorcycle through an intersection when he was struck by a driver of a stolen 2018 Kia Forte ("Subject Vehicle") and sustained fatal injuries. Plaintiffs allege that the subject vehicle was unreasonably dangerous by virtue of its design and manufacturing defects. The subject vehicle lacked an engine immobilizer, which is an anti-theft device that prevents cars from starting without the correct key. *See generally* Complaint ("Compl.") (Dkt. 1-1). Plaintiffs assert claims for strict liability–design and manufacturing defects; negligent failure to warn or instruct, negligent design and manufacture, and negligence (post sale), as well as a survival action against Defendant Kia America, Inc. et al ("Defendant"), and Does 1-100. *Id*.

Plaintiffs originally filed suit in the Superior Court of California, County of Orange on November 26, 2025. Defendant filed its Notice of Removal to this Court on

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

Case No. 8:25-cv-02823-DOC-ADS                                                   Date: January 27, 2026
                                                                                                          Page 2

the basis of diversity jurisdiction on December 22, 2025. *See generally* Notice of
Removal ("Not.") (Dkt. 1). Plaintiffs filed a Motion to Remand ("Mot.") (Dkt. 10) on
January 21, 2026. Defendant filed an Objection to Plaintiff's Motion To Remand
("Objection") (Dkt. 11) on January 23, 2026.

## II.    Legal Standard

"If at any time before final judgment it appears that the district court lacks subject
matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c). Removal of a case
from state court to federal court is governed by 28 U.S.C. § 1441, which provides in
relevant part that "any civil action brought in a State court of which the district courts of
the United States have original jurisdiction, may be removed . . . to the district court of
the United States for the district and division embracing the place where such action is
pending." 28 U.S.C. § 1441. This statute "is strictly construed *against* removal
jurisdiction," and the party seeking removal "bears the burden of establishing federal
jurisdiction." *Ethridge v. Harbor House Rest.*, 861 F.2d 1389, 1393 (9th Cir. 1988)
(emphasis added) (citations omitted).

Federal diversity jurisdiction requires that the parties be citizens of different states
and that the amount in controversy exceed $75,000. 28 U.S.C. § 1332(a). For diversity
jurisdiction purposes, a corporation is "deemed to be a citizen of every State and foreign
state by which it has been incorporated and of the State or foreign state where it has its
principal place of business." 28 U.S.C. § 1332(c)(1). The presence of any single plaintiff
from the same state as any single defendant destroys "complete diversity" and strips the
federal courts of original jurisdiction over the matter. *Exxon Mobil Corp. v. Allapattah
Servs., Inc.*, 545 U.S. 546, 553 (2005).

Generally, a removing defendant must prove by a preponderance of the evidence
that the amount in controversy satisfies the jurisdictional threshold. *Guglielmino v.
McKee Foods Corp.*, 506 F.3d 696, 699 (9th Cir. 2008). If the complaint affirmatively
alleges an amount in controversy greater than $75,000, the jurisdictional requirement is
"presumptively satisfied." *Id.* In that situation, a plaintiff who then tries to defeat removal
must prove to a "legal certainty" that a recovery of more than $75,000 is impossible. *St.
Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 288-89 (1938); *Crum v. Circus
Enters.*, 231 F.3d 1129, 1131 (9th Cir. 2000). This framework applies equally to
situations where the complaint leaves the amount in controversy unclear or ambiguous.
*See Gaus v. Miles, Inc.*, 980 F.2d 564, 567 (9th Cir. 1992); *Sanchez v. Monumental Life
Ins. Co.*, 102 F.3d 398, 403-04 (9th Cir. 1996).

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

Case No. 8:25-cv-02823-DOC-ADS                                   Date: January 27, 2026
                                                                            Page 3

A removing defendant "may not meet [its] burden by simply reciting some 'magical incantation' to the effect that 'the matter in controversy exceeds the sum of [$75,000],' but instead, must set forth in the removal petition the underlying facts supporting its assertion that the amount in controversy exceeds [$75,000]." *Richmond v. Allstate Ins. Co.*, 897 F. Supp. 447, 450 (S.D. Cal. 1995) (quoting *Gaus*, 980 F.2d at 567). If the plaintiff has not clearly or unambiguously alleged $75,000 in its complaint or has affirmatively alleged an amount *less* than $75,000 in its complaint, the burden lies with the defendant to show by a preponderance of the evidence that the jurisdictional minimum is satisfied. *Geographic Expeditions, Inc. v. Estate of Lhotka ex rel. Lhotka*, 599 F.3d 1102, 1106-07 (9th Cir. 2010); *Guglielmino*, 506 F.3d at 699.

While the defendant must "set forth the *underlying facts* supporting its assertion that the amount in controversy exceeds the statutory minimum," the standard is not so taxing so as to require the defendant to "research, state, and *prove* the plaintiff's claims for damages." *Coleman v. Estes Express Lines, Inc.*, 730 F. Supp. 2d 1141, 1148 (C.D. Cal. 2010) (emphases added). In short, the defendant must show that it is "more likely than not" that the amount in controversy exceeds the statutory minimum. *Id*. Summary judgment-type evidence may be used to substantiate this showing. *Matheson v. Progressive Specialty Ins. Co.*, 319 F.3d 1089, 1090–91 (9th Cir. 2003); *Singer v. State Farm Mut. Auto. Ins. Co.*, 116 F.3d 373, 377 (9th Cir. 1997). For example, defendants may make mathematical calculations using reasonable averages of hourly, monthly, and annual incomes of comparable employees when assessing the amount in controversy in a wrongful termination suit. *Coleman*, 730 F. Supp. 2d. at 1148–49.

If the court lacks subject matter jurisdiction, any action it takes is ultra vires and void. *See Gonzalez v. Crosby*, 545 U.S. 524, 534 (2005); *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94, 101–02 (1998). The lack of subject matter jurisdiction may be raised at any time by either the parties or the court. Fed. R. Civ. P. 12(h)(3). If subject matter jurisdiction is found to be lacking, the court must dismiss the action, *id.*, or remand pursuant to 28 U.S.C. § 1447(c). A court may raise the question of subject matter jurisdiction *sua sponte*. *See Snell v. Cleveland, Inc.*, 316 F.3d 822, 826 (9th Cir. 2002).

## III.    Discussion

Defendant argues that this Court has diversity jurisdiction in this action. Not. ¶ 4. The Court disagrees.

Defendant has not met its burden to show that the amount in controversy requirement is satisfied. Defendant states that "Given the nature and extent of Plaintiffs

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

Case No. 8:25-cv-02823-DOC-ADS                                    Date: January 27, 2026
                                                                                       Page 4

(and decedent's) alleged injuries and damages, the Complaint places at issue more than $75,000 exclusive of interest and costs…" *Id*. ¶ 14. However, this contention is not supported by underlying facts in the Notice of Removal, and Plaintiff has not alleged any numerical amount of damages in their Complaint. *See generally* Not.; Compl. Defendant's only support for the amount in controversy is a speculative assertion that the amount in controversy exceeds $75,000. Not. ¶ 14. The damages sought are speculative without a basis in any facts. Without further evidence or support for these damages, Defendant has not shown that the jurisdictional threshold is met. While Plaintiffs might have suffered injuries warranting an amount exceeding $75,000, the record before the Court today does not support that. The Court therefore lacks diversity jurisdiction.

Because the amount in controversy requirement is not met, the Court declines to examine the snap removal question.

Further, the Court will not include speculative civil penalties or attorneys' fees to meet the amount in controversy requirement. *See Galt G/S v. JSS Scandinavia*, 142 F.3d 1150, 1156 (9th Cir. 1998) ("We hold that where an underlying statute authorizes an award of attorneys' fees, either with mandatory or discretionary language, such fees *may* be included in the amount in controversy.") (emphasis added). Because Defendant has not satisfied their burden to show that more than $75,000 is at issue in this case, the Court lacks diversity jurisdiction.

The Court's decision not to include speculative awards in the amount in controversy is reinforced by the fact that Congress has not raised the amount in controversy since 1996—nearly three decades ago.[1] *See* The Federal Courts Improvement Act of 1996, 110 Stat. 3850. Since then, the inflation rate is nearly 100% (*i.e.*, prices have almost doubled). Thus, adjusted for inflation, the amount in controversy should be around $150,000. Stated conversely, a case worth $75,000 in 1996 is worth only $37,500 in today's dollars. Because inflation has plainly decreased the "real" value of the amount in controversy, more and more cases are able to meet the jurisdictional threshold and can be brought in federal court. As federal diversity jurisdiction expands, state court jurisdiction to decide purely state law issues and develop state law correspondingly decreases. Thus, the federal jurisdictional creep is incompatible with the most basic principles of federalism.

---

[1] For reference, in 1996, the minimum wage was $4.75 per hour, and only 16% of Americans had cell phones. Indeed, the current amount-in-controversy is older than both of my law clerks.

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

Case No. 8:25-cv-02823-DOC-ADS                                           Date: January 27, 2026
                                                                                        Page 5

Federalism is not the only loser in Congress's failure to increase the amount in controversy. When a case is improperly removed, as happened here, ultimate resolution is delayed. Moreover, if a court does not immediately remand a case sua sponte, a plaintiff may move to remand. Because cases subject to motion to remand are typically small dollar cases, this increased motion work can quickly cause attorneys' fees to outrun any potential recovery and places an immense burden on a plaintiff's lawyer working on contingency. In this respect, the current low jurisdictional threshold reduces access to justice. Therefore, the Court respectfully encourages Congress to reconsider the amount in controversy minimum.

## IV.    Disposition

For the reasons set forth above, the Court hereby **REMANDS** this case to the Superior Court of Orange County.

The Clerk shall serve this minute order on the parties.

MINUTES FORM 11                                              Initials of Deputy Clerk: kdu
CIVIL-GEN